# IN THE COURT OF APPEALS OF IOWA

No. 18-1282
Filed March 20, 2019

**CARLA ANN SIEGERT,**
      Plaintiff-Appellant,

**vs.**

**ROGER DALE SCHUMACHER JR.,**
      Defendant-Appellee.

_____

Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter, Judge.

A mother appeals from the custody decree granting the parties shared physical care of their child. **AFFIRMED.**

Jenny L. Weiss of Fuerste, Carew, Juergens & Sudmeier, PC, Dubuque, for appellant.

Francis J. Lange, Dubuque, for appellee.

Considered by Potterfield, P.J., and Tabor and Bower, JJ

**POTTERFIELD, Presiding Judge.**

Carla Siegert and Roger Schumacher Jr. have one child together, L.S., who was born in 2010. The parents were never married and had an on-again off-again relationship. However, throughout the child's life, the two parents have shared care of the child. The parents have exchanged unnecessarily unpleasant communications. Yet, the child is reported to be healthy and doing well, sharing good relationships with both parents and their other children.

The petition to establish custody, physical care, visitation, and support was filed by Carla in September 2017. She sought joint legal custody and asked that the child be placed in her physical care. Roger requested shared physical care. A trial was held, after which the district court entered a decree establishing joint legal and physical custody of the child. Carla appeals.

Our review of this equity action is de novo. Iowa R. App. P. 6.907. We give weight to the findings of the trial court, especially with regard to the credibility of witnesses, but are not bound by them. Iowa R. App. P. 6.904(3)(g).

On our review of the record, we discern no reason to reiterate the respective allegations of the parties as to the other's faults and weaknesses. Nor do we repeat the relevant legal principles. *See* Iowa Ct. R. 21.26(1)(d). We affirm the district court's ruling and specifically adopt the following language:

> The issue of physical care was essentially the only true fighting issue at trial, and it is clearly the most difficult issue for the court. The parties admit that they have shared the care of their daughter for her entire life—seven years. They've done so by agreement, and for the most part, they've been able to coordinate the times and exchanges. . . .
> . . . Roger treats Carla very poorly. He clearly thinks he's better than Carla, and he is cocky and condescending. It seems that Roger can, and will, support Carla's relationship with [the

child]. . . . Carla admits the parties communicated pretty well in the past. She says their communication was "pretty bad" in the last year or so. . . .

> . . . .

> . . . The court believes that Roger has been, and can continue to be, a good father to [the child]. His relationship with [the child] has been very good. His relationship with Carla has been rather poor. If he figures out that his amorous relationship with Carla is over, and if he decides to show respect to Carla, joint physical care would be very good for [the child]. If Roger does not make those changes, the court believes very firmly that the child, as she gets older and wiser, will begin to understand the hurtful and inappropriate behavior.

We, like the trial court, are concerned with the level of disrespect displayed in Roger's text messages to Carla. It appears Roger would like to continue to have a say in Carla's personal life beyond that relating to their child's well-being, to which he is not entitled. It is in the contemplation of this court that the parents' communications will reflect only their concern for their child's interests.

We do not award either party appellate attorney fees, and costs on appeal shall be assessed equally to each party.

**AFFIRMED.**